

**ORDERED in the Southern District of Florida on April 21, 2009.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              )

TRANSCAPITAL FINANCIAL            )      Case No. 06-12644-AJC
CORPORATION,
                                                   )      Chapter 11
            Debtor.
                                                   )

**ORDER DENYING MOTION TO DEEM
CLAIM OF ROBERTO DUENAS (CLAIM NO. 83) AS TIMELY FILED**

This cause came before the court upon the Motion to Deem Claim of Roberto Duenas ("Duenas") as Timely Filed (C.P. # 512) (the "Motion"). The Court held a hearing on the Motion on February 12, 2009, at which Jeffrey H. Beck as Liquidating Agent for the confirmed plan of the debtor, Transcapital Financial Corporation ("TFC") and SunTrust Bank, N.A., as Indenture Trustee (the "Indenture Trustee") under the Indenture with TFC's related debtor and 65% equity holder, America Capital Corporation ("ACC") appeared in opposition. As set forth in the Motion, the bar date in this case was

November 1, 2006 (the "Bar Date") [D.E. #7], and Duenas did not file his late proof of claim until 27 months later, on February 2, 2009 (Claim No. 83, the "Duenas Claim"). At the hearing and in the Motion, counsel for Duenas argued that his failure to timely file the Duenas Claim constituted excusable neglect, and that his late filed claim should therefore be deemed timely. To support his argument, Duenas cited to the Supreme Court case of *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), which established a balancing test to determine whether excusable neglect exists to allow a late filed claim.

Opposing the Motion, the Liquidating Agent and the Indenture Trustee argued that the *Pioneer* excusable neglect standard is inapplicable where as here, TFC's Second Amended Plan of Liquidation (the "Plan") [D.E. #335] has long been confirmed, pursuant to a Confirmation Order dated September 23, 2008 [D.E. #435], after a confirmation hearing held on August 13, 2008 (the "Confirmation Hearing"). Instead, Duenas' late claim is barred by the *res judicata* effect of the Debtor's confirmed Plan, particularly in this case because the Plan set a deadline of the Confirmation Hearing (August 13, 2008) for any "Late Filed Claims," and the Duenas late claim was not filed until almost six months later, on February 2, 2009. To support its argument, the Liquidating Agent cited to Judge Olson's decision in *In re New River Shipyard, Inc.*, 355 B.R. 894, 912 (Bankr. S.D. Fla. 2006) (holding that a confirmed plan is *res judicata* as to all claims that could have been filed prior to the confirmation).

The Indenture Trustee also pointed out in opposing the Motion that the basis for the Duenas Claim, as acknowledged in the Motion, is compensation that Duenas seeks

for allegedly serving as a director in the ACC case, which obligation was allegedly secured by TFC. Indeed, there is no dispute that Duenas did not serve as a director for TFC, and did not provide any services directly to the TFC estate. This Court previously denied a request by ACC's counsel to seek approval of a guaranty by TFC of ACC's counsel fees, on grounds that there was no "actual or concrete benefit to the TFC estate" because "ACC is merely an equity holder in TFC, [and] the results in the TFC case do not appear to be impacted in any way by the outcome of the ACC case." See Order dated July 6, 2007, at p. 7 [D.E. #119].

Duenas argued in opposition that his claim should not be barred by *res judicata* because it is secured, arguing, in effect, that the failure to file a proof of claim is mooted by the secured nature of the claim. The Liquidating Agent and the Indenture Trustee dispute that the claim is secured. The Court takes judicial notice that the Duenas Claim fails to include (i) any evidence of a security interest in the Debtor's property as required by Bankruptcy Rule 3001(c), or (ii) any evidence that the alleged security interest was perfected as required by Rule 3001(d). Mr. Duenas also failed to present any evidence at the hearing or otherwise to establish the secured status of his claim. Accordingly, any claim by Duenas against this estate would be a general unsecured claim.

At the conclusion of the February 12, 2009 hearing, Duenas requested that he be allowed to brief the *res judicata* issue and submit proof of his secured status. The Court authorized him to provide a brief or a proposed order by March 16, 2009. The Court further authorized the Liquidating Agent and the Indenture Trustee to submit a response or proposed order by April 16, 2009. By notice filed with the Court on March 16, 2009

3

(C.P. #527), counsel for Duenas stated that he would not be filing anything but would instead rely on the arguments made in the Motion and at the hearing. The Liquidating Agent and the Indenture Trustee jointly submitted a proposed order denying the Motion.

After due deliberation and good and sufficient cause existing, the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

B. The Court takes judicial notice that TFC's plan was confirmed by the Court by Order dated September 23, 2008 (D.E. #435).

C. The Duenas Claim is not entitled to prima facie validity under Bankruptcy Rule 3001(f) because the claim is not accompanied by (i) any evidence of a security interest in the Debtor's property as required by Bankruptcy Rule 3001(c), or (ii) any evidence that the alleged security interest was created and/or perfected as required by Bankruptcy Rule 3001(d). As such, Duenas has the burden of proving the secured status of his claim by a preponderance of the evidence. *In re Gurley*, 311 B.R. 910, 916 (Bankr. M.D.Fla. 2001) ("A claim is not entitled to be considered as prima facie evidentiary proof when such a claim is based upon a writing and the claimant fails to attach the original or a duplicate writing, or, if the writing is lost or destroyed, the claimant fails to supply an explanation of the loss or destruction.").

D. Duenas presented no evidence at the hearing or otherwise by which this Court can find the claim to be secured, and therefore, the Duenas' Claim is determined not to be entitled to be treated as a secured claim.

    E.    Duenas' claim is barred by the *res judicata* effect of the Debtor's confirmed Plan. *New River Shipyard,* 355 B.R. at 912. *See also In re Winn-Dixie Stores, Inc.*, 381 B.R. 804 (Bankr. M.D. Fla. 2008) *affirmed by IRT Partners, L.P. v. Winn-Dixie Stores, Inc.*, 3:08-cv-00391-HWM (M.D. Fla. April 10, 2009), and, as such, the *res judicata* effect is not mooted by reason of Duenas' Claim being secured by any security interest. Accordingly, the Court finds that the Duenas Claim is not entitled to participate in any distribution under the TFC Plan either by reason of the claim filed by Duenas or by reason of its alleged secured status . In any event, the equities would not favor treating the Duenas Claim as timely in the TFC case, considering that it was filed 27 months late, and related solely to services Duenas allegedly provided as a director to ACC, not TFC.

Accordingly, it is

ORDERED AND ADJUDGED THAT:

The Motion is denied and it is hereby determined that the Duenas Claim shall neither be treated as a timely filed claim, nor as a secured claim and, therefore, is not entitled to any distribution under the TFC Plan.

###

Submitted by:
Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Copies furnished to:
Cynthia C. Jackson who shall serve a copy of this order on all interested parties and file a certificate of service.
00650171.3